Donahue, J.
It is contended on the part of each of the plaintiffs in error that the city of Cleveland has no authority to pass this ordinance; that the prohibition of crimes and offenses lies within the dominion of police power; and that the exercise of police power is the exclusive prerogative of the state.
While this proposition is fundamentally true, yet the exercise of this power is of such vital importance to large centers of population that it is the rule and not the exception that it is exercised by the state, at least to a limited degree, through the agency of municipalities — as well as through the general laws operating in all parts of the state. But of course the exercise of this power by local authorities must conform to the general laws of the state.
It was held by this court in the case of Bliss et al. v. Kraus, 16 Ohio St., 54, that “The power of *284 creating municipal corporations necessarily implies authority to confer upon them such police powers as may be necessary for their internal government.”
In this state, prior to the amendment of our constitution in 1912, the general assembly of Ohio conferred upon the municipalities of the state the right to exercise certain police powers. Section 3658, General Code of Ohio, reads:
“To prevent riot, gambling, noise and disturbance, indecent arid disorderly conduct or assemblages, and to preserve the peace and good order, and protect the property of the corporation and its inhabitants.”
This would seem to be sufficient authority to authorize the municipality to enact the ordinance under which these prosecutions were had; but it is insisted that the offense prohibited in the ordinance is not an offense against property, but an offense against the person, that all the other provisions of Section 3658 relate solely to the public peace, and that the power conferred by that section is limited by the provisions of Section 3664, General Code, which section designates the specific offenses that may be the subject of municipal control.
If this were conceded, it is equally evident that Section 3664, General Code, is sufficiently comprehensive to authorize the council of a municipality to pass the ordinance in question. This latter section specifically authorizes municipalities to punish pickpockets and thieves, or persons who practice any trick, game or device with intent to swindle. *285 Certainly this delegation of police power includes substantially within its terms authority to prevent any attempt upon the part of this class of criminals to operate within the territorial limits of the municipality.
The offense defined in this ordinance, however, is of a dual nature. It is a distinct and separate crime from the crime of pocket-picking, just as pocket-picking is a distinct and separate crime from the crime of larceny. State v. Whitten, 82 Ohio St., 174.
While pocket-picking and attempt at pocket-picking would naturally be classed as ■ offenses against the person; yet they also partake of the nature of an offense against property, and therefore come clearly within the provisions of Section 3658, General Code, authorizing municipalities “to protect the property of the corporation and its inhabitants.”
It is contended, however, that the legislature of Ohio having enacted a statute punishing the crime of pocket-picking, it has preempted the field of legislation on this subject, and that its jurisdiction is exclusive.
This court has held that a municipal corporation may provide for the punishment of an act which is also, a misdemeanor under the state law. Wightman v. State, 10 Ohio, 452, and Koch v. State, 53 Ohio St., 433.
If this were not a correct statement of the law, then Sections 3658 and 3664, General Code, might just as well never have been enacted, for the general assembly of Ohio has enacted laws covering *286 practically every subject-matter mentioned in these sections.
The disposition of this case, however, does not depend upon the construction of these statutes conferring police powers upon municipalities. Section 3, Article XVIII of the Constitution of Ohio, as amended September 3, 1912, confers specifically upon municipalities the authority “to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
This ordinance is an exercise of the local police power. Section 3, Article XVIII of the Constitution, clearly contemplates that both the state and the municipalities of the state may exercise the same police power; the only limitation being that the exercise of that power by a municipality shall not conflict with the general laws of the state. There is no statute of this state making it an offense to attempt to steal and take from the person of another anything of value, otherwise than by force and violence and.by putting in fear. That being true, of course this ordinance does not conflict with the general laws of the state, and, if there were a statute creating the same offense, it could not be exclusive, even if the general assembly of Ohio in express terms prohibited the municipality from legislating upon the same subject-matter. City of Fremont v. Keating, 96 Ohio St., 468.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.